ELLENBOGEN et al. v. JAMES NELSON, Limited.

(Circuit Court of Appeals, Third Circuit. December 26, 1922.)

No. 2889.

1. **Sales ⟲88—Meaning of term in contract held question for jury.**

Where plaintiff contracted to sell pieces of shirting which were "fast in color," and plaintiff introduced evidence that the expression "fast in color," when applied to such goods, meant that the color must meet ordinary use incident to wearing and washing, while defendant introduced evidence that it must also be fast as to mild bleaching, it was proper to submit to the jury the question as to what that expression meant as applied to the contract.

2. **Evidence ⟲129(1)—That other goods met test held properly excluded.**

On the issue of whether the goods tendered by the seller were fast in color as required by the contract, evidence that goods of other manufacturers met the test applied by the buyer, which plaintiff's goods failed to meet, and which test the jury found was not a proper test under the contract, was properly excluded.

3. **Evidence ⟲155(1)—Plaintiff's evidence its goods were washed with others held not to justify proof other goods met defendant's test.**

Where plaintiff claimed the contract required the color in his goods to meet the test only of ordinary wearing and washing, while defendant claimed it must also withstand mild bleaching, the fact that the court permitted evidence that plaintiff's goods were washed with other shirts merely for the purpose of showing the method was ordinary, does not show unfairness in excluding defendant's evidence that other goods met the test of mild bleaching, which plaintiff's goods failed to meet.

4. **Customs and usages ⟲19(2)—Laundry chart, showing washing was in accordance with general practice, held admissible.**

Where a witness had testified that he had washed plaintiff's goods in the ordinary manner and the color remained fast, and that his practice was in accord with the general practice of the laundrymen's association which had had a chart prepared for it by a chemical authority, it was not error to admit in evidence the association's chart.

In error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by James Nelson, Limited, against Mangold H. Ellenbogen and others, partners in trade as the Metric Shirt Company. Judgment for plaintiff, and defendants bring error. Affirmed.

William B. Gourley, of Paterson, N. J., for plaintiffs in error.

McCarter & English, of Newark, N. J. (Conover English, of Newark, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, James Nelson, Limited, a corporate citizen of England, brought suit against the Metric Shirt Company, a partnership composed of citizens of New Jersey, for the price of goods sold by plaintiff to defendant. The case was tried by jury and resulted in a verdict for the plaintiff of some $38,000. On entry of judgment thereon, the defendant sued out this writ.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On April 30, 1920, the parties entered into a written contract, whereby the plaintiff, a cotton shirting manufacturer, contracted to furnish, and the defendant shirt manufacturer agreed to accept and pay for at certain prices, some 1,000 pieces of shirting, as to which the contract provided:

"It is understood and guaranteed that all goods are fast in color," and "Goods not fully up to sample or standard, or delivered too late, will be returned or held subject to order at expense and risk of seller."

The contract further provided:

"Delivery of goods Nov. Jan. Delivery of samples latest, Aug. 1 Pce each color. Sample pieces not less than 50 yds."

[1] The samples were sent in September, and, as they were too late for the fall trade, the defendant made no examination of them until January, when they were examined with a view to use in the spring trade. In the meantime, some pieces of the shirting had been delivered by plaintiffs to defendants. In the meantime, also, the price of such shirtings had fallen very considerably. When the defendant, in January, examined the samples and goods delivered, it averred they were not fast in color, and declined to pay for those received or to accept any further deliveries. After fruitless negotiations and attempts by the defendant to obtain a reduction in price, this suit was brought, and the principal question at the trial was whether the shirtings were fast in color. That issue, as stated by the court in its charge, was that the plaintiff contended "fast in color" meant:

"That the color must meet ordinary usage, that is, the use incident to wearing and washing, the wearing being the usual wearing and the washing being the legitimate and modern laundrying," and that "fast in color, as applied to colored shirtings, does not mean they should be fast as to bleaching."

On the other hand, the defendant contended that the "shirtings should not only be fast in color as to ordinary wearing and ordinary laundry washing, but also to at least mild bleaching." There was testimony in support of both contentions. This conflicting testimony the court, in a full and fair charge, submitted to the jury, saying:

"After you have determined what 'fast in color' means as applied to this particular transaction, you will proceed to the next point, which is, 'Did the plaintiffs turn out or tender the defendant shirtings of a fast color?'"

The jury found the plaintiff's contention was the right one and found in its favor for the goods delivered and awarded damages, warranted by the evidence, for those tendered and not accepted. As to this main, underlying issue in the case, we are of opinion the court was right in submitting to the jury the question of what fast in color meant as applied to this contract and that there was no error in the charge in which it was submitted.

[2] It remains to consider whether the court committed error in receiving or rejecting certain evidence. In that regard the court refused to receive certain offers of the defendant to show that in their washing tests of shirtings, those made by other shirting manufacturers under forms of contract the same as here involved, remained fast in

·color, while the plaintiff's shirtings did not. But, apart from the question that these bleach tests of the defendant were rejected by the jury, it is clear that the controlling fact and issue in the case was the question whether plaintiff's shirtings were fast in color in the meaning of the contract. Whether the goods of other manufacturers were, or were not, fast in color, was not involved in that issue, and the receipt of the rejected testimony would have been to raise an irrelevant issue.

[3] Complaint is made that such ruling was unfair because the court admitted proof on behalf of the plaintiff that shirts made by other manufacturers were washed at the same time and in the same way as samples of the shirtings in controversy and that such samples were received in evidence. But it is clear the cases were wholly different. The testimony adduced by the plaintiff simply went to show that these samples of the plaintiff's shirtings were given to a laundry, and it put them with other shirts and goods, and washed them in the ordinary laundry practice. The presence of other shirts in this wash was a mere incident, to show that it was the ordinary work of a laundry and there was no effort made, either to show what these other shirts were, how they had stood the wash, nor were they given in evidence. The cases were wholly different, and the court made no error in either of its rulings.

[4] Nor do we see any error in admitting the Laundrymen's Association Chart of Directions in evidence. The witness had testified to his practice in his laundry, where he had washed samples of the shirtings in controversy, and, as showing that his practice was not individual or sporadic, he testified it was in accord with the general practice of the Laundrymen's Association, which had had the chart prepared for it by a chemical authority.

Without discussing in detail the other assignments, it suffices to say we find no error. The case was fairly tried, and it is therefore affirmed.